UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | EDCV 22-1036-MWF (SPx) | Date:  April 18, 2023 |
| Title: | Fernando Gastelum v. Calimesa Hotel Management, LLC | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITH PREJUDICE

A review of the docket in this action reflects that the Complaint was filed on June 24, 2022.  (Docket No. 1).  On September 9, 2022, the Court granted Plaintiff an extension of time to serve Defendant with the Summons and Complaint, to September 22, 2022. (Docket No. 12).  On December 7, 2022, the Court granted Plaintiff's request for alternate service, permitting Plaintiff to serve Defendant's statutory agent via both certified mail and publication. (Docket No. 14).  On February 16, 2023, because Plaintiff had not filed a proof of service, the Court issued an Order to Show Cause (the "First OSC") ordering Plaintiff to show cause why the action should not be dismissed for lack of prosecution. (Docket No. 15).  The Court reminded Plaintiff to review the Self-Representation Order (Docket No. 8) and notified Plaintiff that he could obtain assistance through the Court's pro se clinic.

On March 7, 2023, Plaintiff filed a Response to the First OSC.  (Docket No. 16).  Plaintiff stated that he mailed the Summons and Complaint to Defendant's agent for service of process, Dilip M. Amin, on December 16, 2022.  The photo of the envelope to Dilip Amin reflected that the certified mail was "refused."  Plaintiff also stated that he "inquired [about] the costs associated with the publication and was advised by a local Calimesa paper that the costs would be between $3,500 and $4,000."

On March 9, 2023, The Court issued another Order to Show Cause (the "Second OSC") granting Plaintiff one final extension of time to properly serve Defendant and file a Proof of Service of the Summons and Complaint.  (Docket No. 17).  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 22-1036-MWF (SPx)         **Date:** April 18, 2023
**Title:**     Fernando Gastelum v. Calimesa Hotel Management, LLC

noted that it did not believe that Plaintiff received an accurate quote for the publication of a legal notice and again directed Plaintiff to seek assistance from the Court's pro se clinic. The Court stated that failure to respond to the Second OSC by April 10, 2023, would result in the dismissal of this action and that no further extensions would be granted.

On March 29, 2023, Plaintiff filed a Response to the Second OSC advising the Court that the estimate for publication of legal notice remained too high. (Docket No. 18). Plaintiff expressed that "this Court has gone far and beyond the expected courtesy, so Plaintiff will ask for no more." Plaintiff has not filed anything further.

It is well-established that a district court has authority to dismiss a plaintiff's action due to his failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account dismissal for lack of prosecution and failure to comply with the OSC is warranted. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute[.]"). The Court specifically warned that failure to respond to the Court's OSC would result in dismissal of the action with prejudice. Accordingly, the action is **DISMISSED** *with prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 22-1036-MWF (SPx)          **Date:**  April 18, 2023
**Title:**       Fernando Gastelum v. Calimesa Hotel Management, LLC

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

    IT IS SO ORDERED.